UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EMILY HOFFMAN and SCOTT
VADEN,

      Plaintiffs,

v.                              CASE NO. 3:15-cv-110-J-32MCR

MIKE STROBEL and AIR
TECHNOLOGY SERVICES, INC.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the Joint Motion to Approve Settlement and Stipulation of Dismissal ("Joint Motion"). (Doc. 95). The undersigned has reviewed the filings in this case and finds that there is no need for a hearing. For the reasons stated herein, the undersigned recommends that the Joint Motion be **GRANTED**, the Settlement Agreement (Doc. 95-1) be **APPROVED**, and the case be **DISMISSED with prejudice**.

---

[1] "Within 14 days after being served with a copy of [a report and recommendation] a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was not made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

1

**I.    Background**

On February 2, 2015, Plaintiffs brought this action under, *inter alia*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, seeking to recover, *inter alia*, overtime compensation, liquidated damages, attorney's fees, and costs for Defendants' alleged failure to compensate them at the statutory rate of one and one-half times his regular rate of pay for any overtime hours worked.  Following negotiations, Defendants, without admitting any liability and after raising complete defenses, reached a settlement agreement to resolve this action.  (*See generally* Doc. 95.)  The parties ultimately reduced their arrangement to a settlement agreement.

On December 5, 2017, the parties filed a joint notice of settlement.  (Doc. 87.)  On December 6, 2017, Judge Corrigan issued an Order referring the matter to the undersigned for preparation of a report and recommendation and instructed the parties to file their joint proposal for settlement on or before January 15, 2018.  (Doc. 88.)  Subsequent to receiving an extension of time from the Court to file the settlement documents, the parties filed their Joint Motion to Approve Settlement on January 22, 2018.  (Doc. 91.)  The Court issued an order on January 23, 2018 taking the Joint Motion under advisement and requiring the parties to supplement the Joint Motion with sufficient information to allow the Court to evaluate the reasonableness of the settlement.  (Doc. 92.)  The parties filed their renewed Joint Motion, thus complying with the Order on February 13, 2018.  (Doc. 95.)

The matter is now ripe for review.

**II.     Standard**

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers

3

under a settlement agreement." *Silva v. Miller*, 307 Fed. App'x 349, 351 (11th Cir. Jan. 13, 2009) (per curiam).

In *Bonetti v. Embarq Management Company*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  Other courts in this district have indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis v. Taylor Morrison, Inc.*, 3:09-cv-1204-J-32MCR (M.D. Fla. Jan. 23, 2010).

### III.   Analysis

Pursuant to the parties' settlement, Plaintiff Hoffman will receive $2,497.50 for unpaid wages and $2,497.50 for liquidated damages, Plaintiff Vaden will

receive $2,497.50 for unpaid wages and $2,497.50 for liquidated damages, and Plaintiffs' counsel will receive $3,000.00 for attorney's fees and costs. (Doc. 95-1 at 3.) The parties represent that the settlement is a fair and reasonable compromise of Plaintiffs' claims when taking into account the procedural time-bar issues presented, as well as the disputes concerning Defendants' wrongdoing, Plaintiffs' status under the FLSA, and computation of damages. (Docs. 95 at 2, 95-1 at 3-4.) Further, the parties agree that it became reasonable to resolve Plaintiffs' claims in light of the future risks and litigation costs. (Docs. 95 at 1-2, 95-1 at 4.)

The undersigned has reviewed the proposed settlement and finds that it represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. *Lynn's Food*, 679 F.2d at 1355. Plaintiffs' recovery appears reasonable given the disputed issues in this case. Moreover, Plaintiffs are represented by counsel. Thus, the undersigned finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching."[2] *Lynn's Food*

---

[2] The parties' settlement of the non-FLSA claims (*see* Doc. 95-1 at 2) "need not be approved by the District Court," *McQuillan v. H.W. Lochner, Inc.*, No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013) (citations omitted), provided the terms of the agreement to settle non-FLSA claims do not serve to contaminate the agreement as to the FLSA claim, *Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-cv-1583-Orl-36GJK, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012) (citation omitted), *adopted in* 2012 WL 1165468. Upon review, the undersigned finds that the terms of the agreement to settle the non-FLSA claims do not serve to contaminate the agreement as to the FLSA claims.

*Stores*, 679 F.2d at 1354.

Moreover, there is no reason to believe that the amount of agreed-upon attorney's fees and costs affected Plaintiffs' recovery. The parties represent that the fees and costs were negotiated separately from and without regard to Plaintiff's recovery. (Doc. 95-1 at 3.) Therefore, there is no reason to scrutinize the fees and costs. *See Bonetti*, 715 F. Supp. 2d at 1228. However, there is nothing unreasonable from the face of the materials submitted before the Court.[3] Therefore, the undersigned recommends that no conflict of interest taints the amount to be recovered by Plaintiffs. The undersigned also recommends that counsel is being adequately compensated.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Joint Motion (**Doc. 95**) be **GRANTED**.

2. The Settlement Agreement be **APPROVED**.

3. The case be **DISMISSED WITH PREJUDICE**.

**DONE AND ENTERED** at Jacksonville, Florida, on February 16, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[3] Since the undersigned is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case is distinguishable from a case in which such analysis is necessary. This case provides no precedent for such a case since an in-depth analysis could produce a different result.

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record